RICHARD E. GARROW, Corporation Counsel Manitowoc County
You have asked for my opinion on the following questions:
 (1) Can Manitowoc County, Wisconsin, enter into contracts for the disposal of solid waste with the following entities:
 (a) A private (non-municipal) owner and operator of a solid waste disposal landfill site; and
(b) Other municipalities?
 (2) Can Manitowoc County dollars be used to pay for part of the cost of disposing of solid waste generated in the various municipalities within the corporate limits of Manitowoc County, Wisconsin?
My answer to both questions is yes.
Section 59.01, Stats., provides as follows:
 Each county in this state is a body corporate, empowered to sue and be sued, to acquire and hold, lease or rent real and personal estate for public uses or purposes, including lands sold for taxes, to sell, lease and convey the same, including the authority to enter into leases or contracts with the state for a period of years for the uses and purposes specified in s. 23.09 (2)(d), to make such contracts *Page 28 
 and to do such other acts as are necessary and proper to the exercise of the powers and privileges granted and the performance of the legal duties charged upon it.
Section 59.07 (135) grants the county authority to establish and operate a solid waste management system or "participate in such a system jointly with other counties, cities, villages or towns." Counties may contract with private collectors "to receive and dispose of wastes." Sec. 59.07 (135)(i), Stats. It is therefore my opinion that Manitowoc County may enter into contracts for the disposal of solid waste with either another municipality or a private firm. It should be noted that solid waste disposal sites must have approvals from the Department of Natural Resources before use. Such approvals apply to both publicly and privately operated disposal facilities. Sec. 144.44, Stats., et seq. (ch. 374, Laws of 1981).
With respect to your second question, you state that a private collector charges $16.50 per ton of waste collected. The Manitowoc County Board has determined that $4.00 of the $16.50 per ton disposal charge represents capital cost or 24 1/4% thereof; $12.50 of the per ton costs represents costs of operations, including profit to the private owner-collector. You inquire how these costs should be allocated for taxing purposes.
Section 59.07 (135)(1) provides that the county may:
 Appropriate funds and levy taxes to provide funds for acquisition or lease of sites, easements, necessary facilities and equipment and for all other costs required for the solid waste management system except that no town, city or village which operates its own waste collection and disposal facility, or property therein, shall be subject to any tax levied hereunder to cover the cost of operation of these functions. Such appropriations may be treated as a revolving capital fund to be reimbursed from proceeds of the system.
Section 59.07 (135)(1) means that any municipality which operates its own waste disposal facility shall not be subject to any tax levied by the county to cover the costs of operating the county facility. Municipal or any other users of the county facility, however, must pay charges "approximately commensurate with the costs of services rendered." Sec. 59.07 (135)(n), Stats. *Page 29 
The county also may acquire lands and equipment and build structures to operate solid waste disposal facilities. Sec. 59.07
(135)(e) and (g), Stats. These costs, of course, represent capital outlays.
Section 59.07 (135)(1) was interpreted by 67 Op. Att'y Gen. 77, 80 (1978) as follows:
 If the purpose of the Legislature was to promote a countywide solution to this problem then a broad construction of "cost of operation" in a large measure thwarts it. County boards must be able to look to the towns, cities and villages as partial sources of revenue if they are ever to receive sufficient funds to develop a countywide solid waste management system. Construing "cost of operation" to encompass capital as well as operating costs would mean that it would be in municipalities' best interest to drag their feet, allowing those who do participate at the outset to bear the burden of the initial capital investment
. . . .
 I must conclude then, that the most reasonable construction of the statute, one compatible with its language and purpose, is that municipalities with their own solid waste collection and disposal systems may be taxed for all costs for the system of a capital nature, but may not be taxed for day-to-day operating costs.
Thus, the general county property taxes should be used to pay capital costs regardless of whether or not cities, villages or towns of the county operate their own solid waste disposal sites. If a municipality owns and operates its own facility it should not pay any of the operating costs. If a municipality uses the county facility it must pay its determined share of the operating costs.
If waste disposal districts are set up in the county, however, all costs of operation of said districts may be paid either from the general property tax or by allocation of charges between the municipalities.
Section 59.07 (135)(o) provides:
 Districts may be created and different types of solid waste collection or disposal services provided within them and different regulations and cost allocations may be applied to each service district. Costs allocated to such service districts may be provided *Page 30 
 by general tax upon the property of the respective districts or by allocation of charges to the cities, villages or towns whose territory is included within such districts.
Under section 59.07 (135) a county may contract with another municipality or private company to pay the costs of operating a solid waste disposal site, including one owned by a private collector, as long as the necessary approvals have been secured under chapter 144. Costs of operation of such sites are to be borne by the users while capital costs are to be borne by the general county property tax.
BCL:JPA